**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD M. HARDIN,<br><br>      Plaintiff-Appellant,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>      Defendant-Appellee. | No.   22-16517<br><br>D.C. No. 3:21-cv-08060-DGC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted September 13, 2023[**]
Phoenix, Arizona

Before: GOULD, HURWITZ, and BUMATAY, Circuit Judges.

Ronald Hardin appeals from the judgment of the district court affirming the
final decision of the Commissioner of Social Security denying Hardin's application
for disability insurance benefits and supplemental security income. Hardin

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

contends that the residual functional capacity ("RFC") determination by the Administrative Law Judge (the "ALJ") is not supported by substantial evidence because the ALJ: (1) failed to develop the record; and (2) improperly relied upon outdated medical opinions. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      The ALJ did not err by declining to order an updated expert examination of Hardin after his back surgeries. "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

   a. The record here contains the treating physicians' notes about each of Hardin's surgeries. It is undisputed that Hardin's first surgery resulted in complications. The second surgery—intended to correct those complications—is not alleged to have produced any significant negative results. State agency medical consultant Dr. F. Kalmar reviewed both of these surgeries.

   b. There is no indication that Hardin's third and final surgery—the only one not reviewed by an expert—produced any negative effects. Although Hardin claims that an "additional impairment" arose at some time after the third surgery, his support for this statement is merely a list of his

2

medical conditions throughout the relevant period. For example, Hardin describes his "limited functional range of motion"—something that was noted by two examining physicians before Hardin's surgeries. He urges that he had "three cervical surgeries" and "applications of medical branch blocks," but there is no reason to presume that these procedures intended to correct his condition instead worsened it. Because Hardin has not pointed to any material change in his condition after the medical experts' examinations, the ALJ was not obligated to further develop the record.

2.   The ALJ did not improperly rely on outdated medical opinions. An expert's opinion is not automatically rendered unreliable if it does not account for every procedure that a claimant has undergone before the date of his hearing. Hardin acknowledges this but contends that the Ninth Circuit has at times been skeptical about an ALJ's reliance on "stale medical opinions that do not reflect a subsequent deterioration of a claimant's condition." *Brand v. Kijakazi*, 575 F. Supp. 3d 1265, 1269 (D. Nev. 2021).

  a.  The ALJ specifically considered whether Hardin's third surgery rendered the opinion evidence in the record outdated and presented "specific, clear and convincing reasons" why it did not. *Smith v. Kijakazi*, 14 F.4th 1108, 1112 (9th Cir. 2021) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). The ALJ noted that "[the] [e]xamination following the

procedure was unremarkable and [Hardin] was discharged in good condition with no restrictions, only 'activity as tolerated' . . . . There is no evidence of complications following the procedure."

b. We reject Hardin's contention that the ALJ's assessment of the third surgery represents an improper lay assessment of medical evidence. "Inherent in th[e] standard [for evaluation of medical evidence] is a presumption that ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022). The treatment notes following Hardin's third surgery were unambiguous and did not require expert interpretation.

3. The ALJ reasonably determined that Hardin's condition had not materially changed after his examination by the medical experts. The ALJ gave appropriate weight to the three expert reports, all of which were consistent with an RFC of medium work. Together with other evidence of Hardin's daily activities and treatment, the ALJ supported his RFC determination with substantial evidence. The district court did not err.

**AFFIRMED.**